UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10540-GAO

MARC NEWMAN and JEFFREY HONIG as Trustees of WENDY HONIG TRUST,
Plaintiffs,

v.

STEVEN E. KRINTZMAN,
Defendant.

OPINION AND ORDER
July 17, 2012

O'TOOLE, D.J.

The plaintiffs, Marc Newman and Jeffrey Honig, trustees of Wendy Honig Trust, sue the

defendant, Steven Krintzman, on a promissory note. The defendant has moved to dismiss this

action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the 1980s and 1990s, the defendant or his company executed twelve promissory notes

in favor of the Trust. One of these notes provided that the parties' rights were to be governed by

Massachusetts law; New York law governed all the others. The defendant allegedly failed to

make payments on the notes, and the trustees in 2009 brought suit in a New York state court. The

trial court dismissed the trustees' claims under all twelve notes as barred by the statute of

limitations. An appellate court affirmed.

The trustees then brought suit here solely on the single note to which Massachusetts law

applied, according to the parties' choice of law. The defendant argues that the dismissal of the

prior suit on the same note in New York precludes that claim from being brought again here. The

trustees respond that this suit is properly maintainable because, while New York applies a six-

year statute of limitations to actions on a promissory note, Massachusetts would apply a twenty-

year limitations period to a note under seal (as this one is) and the present claim is brought within that twenty-year window. The trustees further say that the claim is not now barred by the doctrine of res judicata, as the defendant asserts, because (a) the Full Faith and Credit statute, 28 U.S.C. § 1738, requires that New York res judicata principles be applied in this circumstance, and (b) under those principles a dismissal on the ground of the statute of limitations is not an adjudication "on the merits" of the claim, so that the prior New York judgment between these parties has no preclusive effect preventing the plaintiff from suing here and claiming the benefit of the longer Massachusetts limitations period.

The plaintiffs are correct that § 1738 requires federal courts to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see also Cruz Berríos v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir. 2010). State courts similarly give out-of-state judgments the "same credit, validity, and effect . . . which it had in the State where it was pronounced." Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 704 (1982).[1]

Under New York State law, the doctrine of claim preclusion bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys. Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007)

---

Newman
[1] Massachusetts State law is in agreement. See Wright Mach. Corp. v. Seaman-Andwall Corp., 307 N.E.2d 826, 832 (Mass. 1974) ("The full faith and credit clause requires us to look to Delaware law to determine how that State would treat the summary judgment its court granted to Seaman in terms of the doctrine of res judicata, so that we may give the Delaware judgment the same force and effect as it would be given there."); Heron v. Heron, 703 N.E.2d 712, 714 (Mass. 1998) ("In order to satisfy full faith and credit, the effect of the Nevada decree must be determined by Nevada law.").

(internal citations and quotations omitted). Of these four elements, only the first is disputed: whether the dismissal in New York on statute of limitations grounds was a final judgment "on the merits" under New York law. It appears that it was, though there is some ambiguity in the cases.

For many years, New York courts held that a dismissal on statute of limitations grounds was a dismissal "on the merits" for claim preclusion purposes. Smith v. Russell Sage Coll., 429 N.E.2d 746 (N.Y. 1981). In Russell Sage, the plaintiff's claims had originally been dismissed on statute of limitations and statute of frauds grounds. The New York Court of Appeals, in considering whether the dismissal was "on the merits" for claim preclusion purposes, held: "Suffice to say that a dismissal on these grounds is at least sufficiently close to the merits for claim preclusion purposes to bar a second action . . . ." Id. at 750. New York State courts following Russell Sage consistently concluded that dismissals on statute of limitations grounds were adjudications "on the merits" for claim preclusion purposes. See Karmel v. Delfino, 293 A.D.2d 473, 740 N.Y.S.2d 373 (N.Y. App. Div. 2002); Simmons v. N.Y.C. Health & Hosps. Corp., 71 A.D.3d 410, 894 N.Y.S.2d 750 (N.Y. App. Div. 2010); see also Rose v. Town of Harwich, 778 F.2d 77, 80 (1st Cir. 1985) (explaining Russell Sage gives claim preclusive effect to dismissals based on statute of limitations).

However, a more recent New York case, Tanges v. Heidelberg North America Inc., 710 N.E.2d 250 (N.Y. 1999), has cast some doubt on the continuing validity of the Russell Sage holding. In Tanges, the Court of Appeals stated that under New York law "expiration of the time period prescribed in a Statute of Limitations does not extinguish the underlying right, but merely bars the remedy." Id. at 253. In light of this statement in Tanges, the Second Circuit concluded that a dismissal for lack of timeliness should no longer be considered a judgment "on the merits"

under New York law for claim preclusion purposes. See Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda, 572 F.3d 93, 95-96 (2d Cir. 2009).

Tanges dealt primarily with choice of law principles and a statute of repose, not claim preclusion. Indeed, one would expect a case overturning the claim preclusion principle stated in Russell Sage to mention either claim preclusion or Russell Sage. Tanges mentions neither.

Furthermore, the plaintiffs here have cited no New York state court case, and I have found none, indicating that Tanges overturned Russell Sage or that dismissal on statute of limitations grounds is no longer a dismissal "on the merits." To the contrary, even after the Tanges and Cloverleaf decisions, lower New York courts continue to find dismissals on statute of limitations grounds to be adjudications "on the merits" and continue to cite Russell Sage for that proposition. See, e.g., Simmons, 71 A.D.3d 410, 894 N.Y.S.2d 750; Karmel, 293 A.D.2d 473, 740 N.Y.S.2d 373; Komlosi v. City of New York, 3 A.D.3d 343, 769 N.Y.S.2d 890 (N.Y. App. Div. 2004). Additionally, at least one federal appellate decision has disagreed with the Second Circuit's reasoning and concluded that the preclusive principles of Russell Sage continue to bar claims previously dismissed in New York state courts on statute of limitations grounds. Rick v. Wyeth, Inc., 662 F.3d 1067, 1072 (8th Cir. 2011).

The matter is fairly debatable, but I think the better answer is that New York would regard a dismissal on statute of limitations grounds to be an adjudication "on the merits" that would bar a subsequent action between the same parties on the same claim.

Accordingly, the defendant's Motion (dkt. no. 5) to Dismiss is GRANTED. The trustees' action is barred by the prior New York adjudication, and the Complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

4